UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHEAF,<br><br>                          Plaintiff,<br><br>v.<br><br>NINJA TRADER GROUP, LLC<br><br>                          Defendant. | Case No.: 24cv1754 DMS (DDL)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint along with a request to proceed *In Forma Pauperis*.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here, Plaintiff filed a form "Complaint For A Civil Case Alleging Negligence" against Defendant Ninja Trader Group, LLC. In the Complaint, Plaintiff alleges Defendant was negligent because it failed to close Plaintiff's futures trading account despite his repeated requests that it do so. (Compl. at 4.) As a result of Defendant's failure to close Plaintiff's account, Plaintiff alleges that he lost his life savings of $42,769.82 and was forced to file for bankruptcy. (*Id.*)

"Under California law, a claim for negligence requires a plaintiff to allege duty, breach of duty, causation, and damages." *Moyer v. J.P. Morgan Chase Bank, N.A.*, No. 5:23-cv-00998-ODW (SHKx), 2024 WL 4003168, at *4 (C.D. Cal. May 3, 2024) (citing *Peredia v. HR Mobile Servs. Inc.*, 25 Cal. App. 5th 680, 687 (2018)). Here, Plaintiff fails

to allege Defendant owed him any duty whatsoever, much less a duty to close his accounts upon request.  Absent that allegation and any facts or law to support the existence of a duty under the facts alleged, Plaintiff's Complaint is subject to dismissal for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Wescott v. Google, LLC*, No. 24-cv-01513-PHK, 2024 WL 3849345, at *2-4 (N.D. Cal. Aug. 15, 2024) (dismissing plaintiff's negligence-based complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)).

**Conclusion and Order**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for failure to state a claim.[1]

**IT IS SO ORDERED**.

Dated:  February 27, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this ruling, Plaintiff's request for appointment of counsel is denied as moot.